UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL PIES,<br>Booking #23709854,<br><br>                              Plaintiff,<br><br>vs.<br><br>SAN DIEGO SHERIFF'S DEPARTMENT; RENICK, Sergeant #4747; BERNAL PAREDES, Deputy #4488; NEWLAN, Deputy #3749; KERNS, Deputy #3999; LIZARRAGA, Lieutenant #5400; and ARGUERO, Nurse #4970,<br><br>                              Defendants. | Case No.: 3:23-cv-01097-JO-LR<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Gabriel Pies ("Plaintiff") filed a civil rights suit pursuant to 42 U.S.C. § 1983. Proceeding *pro se*, he alleges that several San Diego County officials denied him adequate medical care and caused him to suffer an asthma attack while he was detained at San Diego County George Bailey Detention Facility. Dkt. 1 ("Compl.") at 4–5. Plaintiff also filed a request to proceed *in forma pauperis* ("IFP"). Dkt. 2. For the reasons below, the Court grants Plaintiff's motion to proceed IFP and, after screening his complaint,

dismisses all of his claims except for his inadequate medical care claim against Deputy Newlan.

## I. MOTION TO PROCEED IFP

A party may initiate a civil action without prepaying the required filing fee if the Court grants leave to proceed *in forma pauperis* based on indigency. 28 U.S.C. § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 n.1 (9th Cir. 2007). Prisoners seeking to establish an inability to pay must also submit a "certified copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Prisoners who proceed IFP must repay the entire fee in installments regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

In support of his verified IFP motion, Plaintiff has submitted a San Diego County Sheriff's Department Detentions Division certificate verifying his trust account activity. Dkt. 2 at 4. This statement shows that while Plaintiff had $49.17 in average monthly deposits credited to his account, he maintained an average monthly balance of $0.13. His available balance as of the time of filing was only $0.78. *Id.* The Court finds that Plaintiff has established an inability to pay the required $405 filing fee at the outset of the litigation and GRANTS his request to proceed IFP. *Id.* Plaintiff will be required to pay the full $405 filing fee in installments which will be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

## II. BACKGROUND

While detained at George Bailey Detention Facility, Plaintiff experienced several episodes of labored breathing. Compl. at 4, 5, 9. On March 28, 2023, Plaintiff asked for an inhaler at 9:50 a.m. In response to this request, Deputy Estrada "mocked" him and did not provide one until 11:08 p.m. *Id.* at 4. On March 30, 2023, Plaintiff again requested an inhaler, this time from Deputy Rowlands, but Rowlands did not contact medical staff or take any measures to provide one to Plaintiff. *Id.* On April 1, 2023, Plaintiff used a

call button in his cell to signal that he was experiencing an emergency. *Id.* When Deputy Newlan responded to his emergency call, Plaintiff informed him that he was having difficulty breathing and requested an inhaler. *Id.* Instead of bringing him an inhaler, Deputy Newlan taunted Plaintiff by suggesting he file a grievance describing him as the "tall handsome white man with glasses." *Id.*

That day, Plaintiff filed a grievance with Sgt. Renick regarding this incident but received discipline instead of medical care. *Id.* at 5, 12. Instead of providing medical assistance in response to his complaint, Deputy Kerns locked down Plaintiff's module to search for the pen Plaintiff used to write the grievance. *Id.* at 5, 9–11. Lieutenant Lizarraga then instructed deputies to escort Plaintiff to a disciplinary separation cell in Housing Unit 6. *Id.* at 5, 9. While escorting him, Deputies Paredes and Kerns cuffed him tightly enough to "cut off blood flow." *Id.*

Shortly after reaching his disciplinary separation cell, Plaintiff experienced another asthma attack. *Id.* at 5. Sgt. Renick called for emergency help, but the arriving medical staff was unable to immediately provide Plaintiff the inhaler he needed. *Id.* (Plaintiff alleges this happened because Nurse Arquero was holding on to his inhaler.) *Id.* One of the responding nurses administered a dose of Narcan instead, but this only increased Plaintiff's heart rate and triggered a panic attack. *Id.* Plaintiff was eventually given his inhaler as well as medicine to stop the panic attack. *Id.*

Based on these facts, Plaintiff filed a section 1983 lawsuit alleging that Defendants Newlan, Resnick, Lizarraga, Paredes, Kerns, and Arquero violated his right to adequate medical care. *Id.* at 3, 4. He also alleges that Defendants Kerns and Paredes used excessive force when they handcuffed him. *Id.* at 4, 5. Finally, he names the San Diego Sheriff's Department ("SDSD") as a defendant on both claims, presumably alleging that it is liable for the actions of the individual Defendants. *Id.* at 3.

### III. LEGAL STANDARDS

**A. Screening Pursuant to 28 U.S.C. § 1915A**

Pursuant to 28 U.S.C. § 1915(a), the Court must *sua sponte* screen prisoner

complaints seeking redress from a government entity or officer and dismiss any portions that are frivolous, malicious, fail to state a claim, or seek damages from defendants who are immune.  *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Although failure to state a claim under § 1915(e) incorporates the above Rule 12(b)(6) standards, a *pro se* litigant need only satisfy a "low threshold" to "proceed past the screening stage." *Wilhelm*, 680 F.3d at 1121, 1123.

When a court dismisses a complaint, it must then decide whether to grant leave to amend.  Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000).  Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (overruled on other grounds).

**B. Standard for § 1983 Actions**

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights

elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish section 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (internal citation and quotation marks omitted).

## IV. DISCUSSION

After screening Plaintiff's complaint, the Court concludes that Plaintiff has satisfied the "low threshold" for stating a section 1983 claim for inadequate medical care against Deputy Newlan. *See Wilhelm*, 680 F.3d at 1121. The Court will, therefore, only address his claims against the remaining defendants, Resnick, Lizarraga, Paredes, Kerns, Arquero, and San Diego Sheriff's Department. First, the Court will consider whether Plaintiff has sufficiently pled that Defendants Resnick, Lizarraga, Paredes, Kerns, and Arquero acted with reckless disregard to his objectively serious medical needs, as required for a section 1983 inadequate medical care claim. Second, the Court will consider whether Plaintiff has stated an excessive force claim against Defendants Paredes and Kerns by alleging that they used objectively unreasonable force against him. Finally, the Court will consider whether Plaintiff's allegations concerning the above individuals are sufficient to establish liability against the San Diego Sheriff's Department. The Court will discuss each of these issues in greater detail below.

**A. Inadequate Medical Care Claim**

The Court first considers whether Plaintiff has validly pled that Defendants Resnick, Lizarraga, Paredes, Kerns, and Arquero denied him adequate medical care by acting with deliberate indifference to his serious medical needs. A pretrial detainee who brings an inadequate medical care claim must allege sufficient facts that the defendant's actions were objectively unreasonable. *Gordon v. County of Orange,* 888 F.3d 1118, 1125 (9th Cir. 2018). Specifically, the plaintiff must establish these elements:

(i) the defendant made an intentional decision with respect to the conditions

      under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022) (quoting *Gordon,* 888 F.3d at 1124–25). Regarding the third element, "the plaintiff must 'prove more than negligence but less than subjective intent—something akin to reckless disregard.'" *Gordon*, 888 F.3d at 1125 (quoting *Castro*, 833 F.3d at 1071).

      Here, Plaintiff fails to allege that Defendants Resnick, Lizarraga, Paredes, Kerns, or Arquero took any actions which placed Plaintiff at substantial medical risk. First, Plaintiff makes no allegations against Lt. Lizarraga, Deputy Paredes, and Deputy Kerns relating to his medical condition, the onset of his asthma attacks, or their reaction to these attacks. His only allegations against these three officers concern their roles in the search of his cell and his subsequent escort to a disciplinary unit. Specifically, Deputy Kerns ordered the lockdown of Plaintiff's cell so that it could be searched, and Lt. Lizarraga ordered Deputy Kerns and Paredes to escort Plaintiff to a disciplinary unit following this search. Compl. at 5, 9. Because he alleges no facts that could establish that these three officers played any role in denying his medical care, he fails to state an inadequate medical care claim against them. *See Russell*, 31 F.4th at 739 (holding that a defendant must make an intentional decision with respect to plaintiff's health in order to be liable for denying medical care). Second, while Plaintiff makes allegations against Sgt. Renick and Nurse Aquero related to his medical treatment, he does not allege any facts that show that their conduct put him in danger. Plaintiff's only medically-related allegation against Renick is that he summoned medical staff when he saw Plaintiff suffering an asthma attack. Without more, this allegation does not establish that Renick's reaction was wrongful or insufficient, or that he otherwise placed Plaintiff at medical risk. *See Gordon*, 888 F.3d at 1125 (noting that

inadequate medical care claims require conduct "akin to reckless disregard"). Similarly, with respect to Nurse Aquero, Plaintiff's only allegation is that she "had his inhaler" when he suffered his asthma attack; as a result, the medical staff was not able to stop the attack by giving him an inhaler. Again, this single allegation is insufficient to create an inference that Nurse Aquero intentionally retained his inhaler or that she did so in reckless disregard of the possibility that Plaintiff would need it. *See id.* Because nothing in Plaintiff's pleadings suggests that these Defendants actions placed him at substantial risk of serious medical harm, the Court finds Plaintiff has not plausibly alleged an inadequate medical care claim against Defendants Renick, Lizarraga, Paredes, Kerns, or Arquero. *See Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to state a claim).

**B. Excessive Force Claim**

The Court next examines whether Plaintiff has pled sufficient facts to establish that Deputies Kerns and Paredes used excessive force while handcuffing him. "[T]he Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Use of force during pretrial detention is unconstitutionally excessive if it is "objectively unreasonable," and turns on the "facts and circumstances of each particular case." *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Constitution. *Graham*, 490 U.S. at 396. The Ninth Circuit considers several factors in determining whether a use of force was objectively unreasonable: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397; *see also Hyde v. City of Willcox*, 23 F.4th 863, 870 (9th Cir. 2022).

Here, Plaintiff has not pled facts which demonstrate that Officers Kerns and

Paredes's use of force was objectively unreasonable.  In his complaint, Plaintiff relies solely on the conclusory allegation that Deputy Kerns and Paredes cuffed him "so tight to cut off blood flow."  Compl. at 5.  However, he omits any additional facts such as how long he was handcuffed or whether he suffered any injury as a result.  Moreover, his pleading does not include any information about the circumstances surrounding the handcuffing, such as whether he was resisting or otherwise posed a security threat. Because of this, Plaintiff has not pled enough facts from which the Court can determine if Paredes and Kerns's actions were, in context, objectively unreasonable.  He has therefore failed to state a claim for excessive force.  *See Iqbal*, 556 U.S. at 678; *Kingsley,* 576 U.S. at 397.

**C. *Monell* Claim Against San Diego County Sheriff's Department**

Lastly, because Plaintiff's complaint only focuses on the actions of individual officers and nurses, he fails to plausible allege that the San Diego Sheriff's Department is liable as a municipality.  Because there is no *respondeat superior* liability under section 1983 law, "a municipality cannot be held liable solely because it employs a tortfeasor." *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978).  Instead, "a plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit."  *Kirkpatrick v. Cnty. of Washoe*, 843 F.3d 784, 793 (9th Cir. 2016) (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)); *see also City of Canton v. Harris,* 489 U.S. 378, 385 (1989) (holding that a *Monell* plaintiff must show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation"). "An unconstitutional policy need not be formal or written to create municipal liability under section 1983; however, it must be 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 974 (9th Cir. 2021) (internal citations omitted). Allegations of random acts, or single instances of misconduct are insufficient to establish a municipal custom.  *Id.*

     Plaintiff's complaint fails to state a claim for relief against SDSD because he alleges no Sheriff's Department policy or well-settled custom which caused him injury. He posits that individual Sheriff's Department employees violated his constitutional rights by failing to adequately respond to his medical needs and by handcuffing him too tightly but omits any factual allegations to suggest any individual SDSD employee acted pursuant to a municipal custom, policy, or practice. *See* Compl. at 2–5. Because Plaintiff has not alleged that any Sheriff's Department custom, policy, or practice played a role in his injuries, his municipal liability claim fails. *See Monell*, 436 U.S. at 694.

**D. Leave to Amend**

     While Plaintiff has sufficiently alleged a Fourteenth Amendment inadequate medical care claim against Deputy Newlan, he has not alleged any plausible claim for relief against the San Diego County Sheriff's Department, Sgt. Renick, Lt. Lizarraga, Deputies Paredes or Kerns, or Nurse Arquero. In light of Plaintiff's *pro se* status, the Court grants him leave to amend his Complaint to attempt to sufficiently allege a Fourteenth Amendment inadequate medical care claim against Renick, Lizarraga, Paredes, Kerns, Arquero, and SDSD, as well as a Fourteenth Amendment excessive force claim against Paredes, Kerns, and SDSD. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

## V. CONCLUSION

For the reasons discussed above, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP. Dkt. 2.

2.    **ORDERS** the Facility Commander of GBDF, her designee, or any agency later having custody, to collect from Plaintiff's trust account the $405 filing fee owed by collecting monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and to forward payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL

PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order via U.S. Mail on Christina Ralph, Commander, San Diego County Sheriff's Department Detention Services Bureau, John F. Duffy Administrative Center, PO Box 939062, San Diego, CA 92193-9062.

4. **DISMISSES** all claims alleged against Defendants Renick, Lizarraga, Paredes, Kerns, Arquero, and San Diego Sheriff's Department pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file *either* (i) a Notice of Intent to proceed with his Fourteenth Amendment medical care claim against Deputy Newlan only; *or* (ii) an Amended Complaint which cures the deficiencies of pleading noted in this Order.[1]  Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint.  Any Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

Should Plaintiff fail to either file an Amended Complaint or a Notice of Intent to proceed with only his claims as alleged against Deputy Newlan within 45 days, his case will be dismissed based on his failure to prosecute in compliance with this Order.  *See Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff

---

[1] Plaintiff's Amended Complaint will be subject to another preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) before the Court determines whether U.S. Marshal Service upon any defendant is warranted pursuant to Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d).

eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED.**

Dated:  February 29, 2024

_____
Hon. Jinsook Ohta
United States District Judge