1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11    GABRIEL PIES,                          Case No.:  3:23-cv-01097-JO-LR
      Booking #23709854,
12                                           **ORDER DISMISSING CIVIL
13                               Plaintiff,   ACTION FOR FAILURE
                                             TO PROSECUTE**
14              vs.

15    SAN DIEGO SHERIFF'S
      DEPARTMENT; RENICK, Sergeant
16    #4747; BERNAL PAREDES, Deputy
      #4488; NEWLAN, Deputy #3749;
17    KERNS, Deputy #3999; LIZARRAGA,
      Lieutenant #5400; and ARGUERO, Nurse
18    #4970,

19                               Defendants.

20

21

22        On June 7, 2023, Plaintiff Gabriel Pies, proceeding *pro se*, filed a civil rights

23  complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* ("IFP").

24  Dkt. 1–2.  Plaintiff alleged Defendants failed to provide adequate medical care after he

25  suffered an asthma attack and cuffed him too tightly while he was detained at the George

26  Bailey Detention Facility.  Dkt. 1 at 4–5.  On February 29, 2024, the Court screened

27  Plaintiff's Complaint *sua sponte* and dismissed most of it because he failed to state

28  plausible claims for relief.  Dkt. 3 at 5–10.  The Court granted Plaintiff the option to file

either (1) a written notice of his intent to proceed against Defendant Newlan only; or (2) an amended complaint that cured his pleading deficiencies within forty-five (45) days. *Id.* at 9, 10. The Court cautioned Plaintiff that his failure to respond would result in dismissal for failure to prosecute. *Id.* at 10–11.

To date, Plaintiff has failed to comply with the Court's Order, and has not requested an extension of time in which to do so.[1] Accordingly, the Court dismisses his inadequate medical care, excessive force, and *Monell* claims against Defendants San Diego Sheriff's Department, Sgt. Renick, Lt. Lizarraga, Deputies Paredes and Kerns, and Nurse Arquero for failure to state a claim as set forth in the Court's February 29, 2024 Order. The Court also dismisses this civil action in its entirety based on Plaintiff's failure to prosecute as required by the Court's February 29, 2024 Order. *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal.").

The case is **DISMISSED**. The Court directs the Clerk to enter a final judgment of dismissal and close the case. The Court further certifies that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: May 24, 2024

_____
Honorable Jinsook Ohta
United States District Judge

---

[1] In fact, the Court's February 29, 2024 Order was returned undeliverable by the U.S. Post Office on March 11, 2024, due to Plaintiff's release. Dkt. 4-1. Plaintiff did not file a notice of change of address before or since. *See* S.D. Cal. Civil Local Rule 83.11.b ("A party proceeding pro se must keep the Court and opposing parties advised as to current address. If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute.").